HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGARET BOZGOZ, as personal representative of the ESTATE OF EVALANI A. YOCKMAN and Attorney in Fact for ELDA YOCKMAN, *et al.*,

Plaintiffs,

v.

YOUSSEF ESSAKAHI, *et al.*,

Defendants.

CASE NO. C17-5832RBL

ORDER

THIS MATTER IS BEFORE THE Court on the following Motions: Plaintiff Bozgoz's Motion to Move Case to Seattle and Appoint a Female Judge [Dkt. #3], and Bozgoz's Motion to Deny/Ignore all of Defendants' Motions Until They (defendants) are Officially Served [Dkt. #10].

According to the Complaint, Evalani Yockman was injured in 2013, while being transported by Defendant Life Transportation. She died, apparently from other causes (she was elderly) a year later. Bozgoz (who is Evalani Yockman's cousin) was named the personal representative of her estate. Bozgoz is also apparently the attorney in fact (possibly with a written power of attorney) for Evalani's daughter, Elda Yockman.

1    Bozgoz is not an attorney. Nevertheless, she apparently made some sort of claim or
2    settlement demand on Life Transportation and its insurer, Zurich. At some point, Bozgoz did
3    retain an attorney (Peter Angelo) to represent the estate and to attempt to recover damages from
4    Zurich. Those negotiations failed, and Angelo withdrew in June 2016. A month later Bozgoz
5    retained attorney Bruce Wolf to represent the estate and Elda.
6    Wolf also was not able to negotiate a settlement acceptable to Zurich and Bozgoz, and he
7    either quit or was fired shortly before the presumably-applicable three year limitations period for
8    the estate's claim against Life Transport expired. Bozgoz claims that Angelo and Wolf each
9    engaged in "secret" negotiations with Zurich's adjusters and attorneys. [*See* Complaint Dkt. #1.
10   and exhibits attached thereto].
11   In any event, facing that deadline, in October 2016, Bozgoz filed a lawsuit on behalf of
12   the Estate and Elda against Life Transport and its driver, in Pierce County Superior Court. The
13   case was assigned to Judge Rumbaugh. The Seattle law firm Forsberg and Umlauf represented
14   the defendants.
15   Judge Rumbaugh granted Life Transport's Motion to Strike Bozgoz's complaint (because
16   she was not an attorney authorized to practice law and therefore cannot represent others) at a
17   hearing on December 23, 2016. Bozgoz alleges that that hearing was deficient in a number of
18   ways.
19   Bozgoz appealed the dismissal. [See Dkt. #1-2; Respondents Brief in the Washington
20   Court of Appeals]. That appeal is apparently still pending.
21   In any event, Bozgoz has now sued in this Court, again signing the pleading as the
22   personal representative of the Estate and the attorney in fact for Elda. She asserts various claims
23   against Life Transport and its driver, Forsberg and Umlauf and the attorneys who represented
24

Life Transport in state court, Zurich, Judge Rumbaugh, the Court reporters and Court clerk, and Angelo and Wolf, the two attorneys she previously engaged to represent her cousin and niece.

Bozgoz asks the Court to transfer the case to Seattle (based on "past discrimination bias"), and to appoint a female judge to preside over it (due to "recurring civil rights violations"). She also seeks "reasonable accommodation" though she has not described her disability or the accommodation she requires.

Under Local Rule 3(e), cases in this District are generally assigned to Tacoma where the incident giving rise to the lawsuit occurred in Pierce County. Both the initial accident and the alleged errors in the state law case took place in Pierce County.

The Motion to Transfer the case to Seattle therefore DENIED. The Motion to assign the case to a female judge based on recurring civil rights violations does not make sense. It too is DENIED.

Life Support, its driver (Essakhi), and the attorney defendants have moved to dismiss the Complaint [Dkt. #6]. Bozgoz asks the Court to Deny or Ignore [Dkt. #10] defendants' Motion, until she serves summonses on them. She appears to believe that a defendant must wait to be served until it can move for dismissal under Fed. R. Civ. P. 12. But that is not accurate. Indeed, one of the bases for a motion to dismiss (prior to pleading) is "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). It is not unfair—much less, unethical—for the Defendants to file, serve and properly note for hearing a Motion to Dismiss prior to service and prior to Answering the Complaint.

This is particularly true in the unique situation presented here, where one of the primary bases for the motion to dismiss is the same basis upon which the state law case was dismissed: Bozgoz is not an attorney and she cannot represent anyone or any entity other than herself *pro se*.

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a *pro se* exception to this general rule, under which a person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." The *pro se* exception is, however, extremely limited and applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. *Cottringer v. State, Dep't of Employment Sec.,* 162 Wash. App. 782, 787–88, 257 P.3d 667, 669 (2011).

Neither the Federal ADA nor similar state statues require the reasonable accommodation of permitting a non-attorney to represent other persons or entities. Bozgoz cannot represent the Yockman Estate or Elda Yockman in this case, or in this or any other court.

The plaintiffs shall **SHOW CAUSE** why this matter should not be dismissed on this basis **within 21 days** of this Order. A notice of appearance by an attorney admitted to practice here will suffice. Further argument that Bozgoz is or should be permitted to represent others in this case will not suffice, and will result in dismissal without further notice.

The pending Motion to Dismiss [Dkt. #6] will be addressed in a separate order, if necessary. For now, it is **RE-NOTED** for January 26, 2018.

IT IS SO ORDERED.

Dated this 15th day of December, 2017.

Ronald B. Leighton
United States District Judge